HARRY B. GOLDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106802.   Promulgated June 10, 1942.

*Nathaniel Golden, Esq.,* for the petitioner.
*T. G. Histon, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $593.79 in petitioner's income tax for 1938, by taxing 50 percent of the gain received in 1938 in an installment of the sale price of shares of stock sold by petitioner in 1936. The facts are all stipulated and need not be specially found. The return was filed in Boston, Massachusetts.

In 1936 petitioner, having for more than ten years owned 65 shares of stock, sold them for $74,231.25. The gain was $69,897.92. Less than 30 percent of the sale price was received in the year of sale; the rest was to be paid in installments over a period of five years. The petitioner elected, as he had the right to do, to use the installment method for reporting the profit. In 1938 the portion of the profit received was $18,640.80, and the petitioner reported 30 percent of this amount as the taxable profit. He relied upon the Revenue Act of 1936, section 117 (a), which was in effect when the sale was made. The Commissioner, acting under the Revenue Act of 1938, section 117

(b), determined that 50 percent of the gain received that year was taxable.

The Commissioner's determination is sustained. The tax upon income received in 1938 is controlled by the taxing statute in effect in that year. The law in 1936 provided that upon a sale of property held for more than ten years only 30 percent of the gain would be taxed. If petitioner had elected to be taxed in that year upon the entire gain from the sale, he would have been permitted to take into account only 30 percent of the gain. He chose, however, to spread the tax over the period of installments; and, in doing so, he took the risk that the rate of tax might change or that the proportionate amount of capital gain to be taken into account might change upward or downward. There is nothing to indicate that the Congress enacting the 1936 statute intended that the rate or the percentage should be fixed for the future, even if it had that power. Cf. *Snell* v. *Commissioner*, 97 Fed. (2d) 891.

*Decision will be entered for the respondent.*